IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMMIE G. PIERCE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>QQEST SOFTWARE SYSTEMS, INC.,<br><br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL**<br><br>Case No. 2:05 CV 1064 DAK<br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

　　　　Defendant has moved for an order compelling Plaintiff to identify and produce all her medical records.[1] However, the fact discovery deadline passed August 3, 2007, and dispositive motions were to be filed November 19, 2007, a month before this discovery motion was filed.[2] The district judge is hearing a motion for entry of a trial order later this month.[3]

　　　　The case was filed over two years ago and was set for trial in July of last year.[4] On Defendant's motion[5] citing Plaintiff's delays in discovery responses and spotty negotiations for a modified schedule, and the need to "allow Qqest's counsel to depose [Plaintiff]",[6] the July trial

---

[1] Docket no. 29, filed December 21, 2007.

[2] Docket no. 21, filed May 25, 2007.

[3] Docket no. 23, filed November 20, 2007; docket entry no. 28, filed December 5, 2007.

[4] Docket no. 8, filed March 3, 2006.

[5] Docket no. 17, filed May 7, 2007.

[6] Memorandum Supporting Motion to Vacate Trial Order and Amend Scheduling Order at 4, docket no. 18, filed May 7, 2007.

setting was vacated. That is when the deadline of August 3, 2007 was set for fact discovery, along with the November deadline for dispositive motions.

     Defendant's claim to the medical records is based on (a) two interrogatories asking Plaintiff to describe each treating health care professional and each disease or distress complained of, resulting from the conduct alleged in the complaint; (b) a subpart (sixth and eighth respectively) to each of the interrogatories asking Plaintiff to "identify each document evidencing any of the foregoing;" and (c) requests for production of "each and every document" identified in the answers to interrogatories and *not identified* in her answers to interrogatories that "relates in any way" to the allegations of the complaint.[7] The discovery was served March 29, 2006.[8] There was no explicit request for "medical records."

     A follow up letter was sent nineteen months later – October 11, 2007 – asking for documents from another deposition and in the last sentence asking for "documents in Ms. Pierce's possession (which include her medical records) . . . ."[9]

     Defendant claims this sketchy record entitles it, at this late date, to an order compelling production. If there had been a clear request for "medical records" or a more timely exposition of the dispute, the result might be different. At this late date, it is doubtful that anyone could obtain the medical records from providers, even a patient.

---

[7] Memorandum Supporting Motion to Compel (Supporting Memorandum) at 2-3, docket no. 30, filed December 21, 2007.

[8] *Id.*

[9] Letter October 11, 2007, Steve K. Gordon to Russell T. Monahan, attached as Exhibit A to Supporting Memorandum.

Qquest claims that its "requests were far more detailed, inclusive and exhaustive than a simple request for 'medical records.'"[10] But this detailed, inclusive and exhaustive approach concealed any intention to seek those records. The medical records did not become an issue until after the discovery deadline had passed.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[11] is DENIED.

Dated this 16th day of January, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[10] Reply Memorandum Supporting Motion to Compel at 2-3, docket no. 33, filed January 10, 2008.

[11] Docket no. 29, filed December 21, 2007.